IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Tanglewood Realty & Rentals, LLC )
d/b/a iTrend Realty and Diana Brandon, )
 )
      Plaintiff, )
 )
vs. ) Case No.
 )
Greenwich Insurance Company, )
AXA Insurance Company and XL )
Insurance America, Inc. )
 )
      Defendants. )

# COMPLAINT

The Plaintiffs Tanglewood Realty and Rentals, LLC d/b/a iTrend Reality and Diana Brandon complain against the Defendant Greenwich Insurance Company as follows:

## JURISDICTION & PARTIES

1. This is an insurance coverage action seeking breach of contract and refusal to defend damages arising from the Defendant's denial of coverage and a defense to the Plaintiff.

2. The Plaintiff Tanglewood Realty & Rentals, LLC (hereinafter "Tanglewood") is a North Carolina limited liability company. Tanglewood is in the real estate business and its agents represent buyers and sellers in residential real estate transactions. Tanglewood is licensed by the North Carolina Real Estate Commission using the name iTrend Realty. During relevant period, Tanglewood maintained its principal place of business in Mooresville, NC.

3. The Plaintiff Diana Brandon was an agent of the Tanglewood during the relevant period. Ms. Brandon is domiciled in North Carolina.

4. The Defendant Greenwich Insurance Company (hereinafter "Greenwich") is a commercial, property and casualty insurance company with its principal place of business in

Hartford, CT. Greenwich is a wholly owned subsidiary of AXA Insurance Company. Greenwich issued the Errors & Omissions policy (hereinafter "E & O") at issue in this case.

5. AXA Insurance Company (hereinafter "AXA") is a commercial, property and casualty insurance company its principal place of business in Hartford CT. AXA controls the operation of Greenwich and handled the processing of Plaintiff's claim for coverage. AXA made the decision to deny Plaintiff's claim for coverage and the decision to deny the Plaintiff a defense.

6. XL Insurance America, Inc. (hereinafter XL America) is an insurance Company and wholly owned subsidiary of AXA Insurance Company. XL America's principal place of business is Hartford CT. Upon information and belief, XL Insurance is the entity that AXA used to process the Plaintiff's claim and deny coverage under the E & O policy,

6. The claim Plaintiff made on the E&O policy was for approximately $160,000. This was the amount that a client named Leo Bateman claimed the Plaintiff and its employees had caused him to lose as a result of their negligence and breach of duty.

7. Because the Defendants all maintain their principal places of business in Hartford CT and the Plaintiff's principal place of business is in North Carolina, the parties have diverse citizenship. Additionally, the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).

**FACTUAL ALLEGATIONS**

8. On January 11, 2017, Greenwich issued a Real Estate Professional Errors & Omissions Policy to Tanglewood. The limits of liability under the policy was $1,000,000.00 with a $2,500 deductible. The policy period was from January 30, 2017 until January 30, 2018. The Plaintiff the annual premium for coverage.

9. The E&O policy's coverage provision provides the following: "The Company will pay on behalf of the Insured all sums in excess of the deductible that the Insured becomes legally obligated to pay as damages and claims expenses by reason of an act or omission including personal injury in the performance of real estate services by the Insured."

10. The E&O policy also that Greenwich "has the right and duty to defend any claim against the Insured even if the allegations of the claim are groundless, false or fraudulent."

11. The E&O policy defines real estate services as "those professional services performed for others in the Insured's capacity as a real estate agent, real estate broker . . . real estate consultant or counselor, short term escrow agent, referral agent . . . Real estate services shall also include real estate service performed for others by an Insured on or via the Insured's internet, e-mail, telecommunications or similar system."

12. On November 10, 2017, Leo Bateman executed an Exclusive Buyer Agency Agreement (the "Agreement") with Tanglewood. Under the Agreement, Tanglewood assisted Mr. Bateman in the acquisition of residential real property located in Catawba County, North Carolina. The Agreement is the standard form 201 used by the North Carolina Association of Realtors.

13. On November 23, 2017, Mr. Bateman with the assistant of Tanglewood entered into a contract to purchase real property in Catawba County. The purchase price was $161,804.35. The closing was scheduled for December 21, 2017. On December 18, 2017, Mr. Bateman wired the purchase price monies to what he believed was the escrow account for the transaction.

14. On December 20, 2017, Mr. Bateman claims that he received an email from the closing attorney's office indicating that the monies had not been received. Mr. Bateman claims that he thereby discovered that the wiring instructions were not legitimate and that they were not for the closing attorney's escrow account.

15. Mr. Bateman claimed that he received an email from a Tanglewood agent named Diana Brandon with the fraudulent wiring instructions, that he relied on this email and that the Tanglewood was responsible for the monies not recovered approximately $160,000. Mr. Bateman demanded that Tanglewood reimburse him the approximately $160,000 not recovered.

16. Shortly after this demand was made, in late December 2017 and prior to the expiration of the policy, Tanglewood submitted a claim to the Defendants for the amount Mr. Bateman was demanding.

17. In early January 2018, the Defendants indicated that they would not pay the amount Mr. Bateman was demanding under the E&O policy.

18. On February 20, 2020, Mr. Bateman sued Tanglewood and Ms. Brandon in the North Carolina Superior Court for Iredell, County alleging that they were negligent in providing real estate services and they breached the fiduciary duty real estate agents owe clients under North Carolina law (hereinafter "Bateman" case or litigation).

19. Tanglewood promptly notified the Defendants of the lawsuit Mr. Bateman had filed and asked that the Defendants provide a defense and/or pay the amount Mr. Bateman was seeking (i.e. approximately $160,000) plus fees and expenses.

20. On April 21, 2020, the Defendants denied coverage and took the position that the alleged claim was excluded under the policy. Defendants also denied it had a duty to defend Tanglewood in the Bateman litigation. The Defendants wrongfully implied in its denial letter that Tanglewood had engaged in an intentional wrongful act or omission when it applied an exclusion related to such action. Tanglewood nor its agents misappropriated escrow funds or engaged in any intentional wrongdoing. As a result of the refusal to provide a defense, Tanglewood has had to

4

retain counsel to defend it and its employee Diana Brandon and incur the obligation to pay fees and expenses related to the Bateman case.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

21. The Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraph.

22. The E&O policy is an insurance contract that requires the Greenwich to pay claims for damages and related expenses that Tanglewood incurred by reason of an act or omission on the part of Tanglewood or its agents. The obligation to pay arises upon a demand for payment and a willingness by Tanglewood to resolve the dispute.

23. Under the terms of the E&O policy which defines that insured as any employee of the real estate services performed on behalf of Tanglewood, Ms. Brandon is at minimum an intended third party beneficiary of the E&O policy.

24. By wrongfully denying payment of the Bateman claim, Greenwich breached the E&O policy.

25. The E&O policy also requires Greenwich to defend Tanglewood against the claims asserted in the Bateman case even if the allegations of the claim are groundless, false or fraudulent.

26. By wrongfully refusing to provide Tanglewood and its agent Brandon a defense, Greenwich has breached its duty to defend as required under the E&O policy.

27. As a result of Greenwich's breach, Tanglewood and Brandon have incurred costs related to the Bateman claim and damages related to their business reputation.

## SECOND CLAIM FOR RELIEF

**(Unfair and Deceptive Trade Practices, N.C.G.S. § 75-1 *et. seq*.)**

26. The Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraph.

27. Defendants' actions and practices with respect to Tanglewood's claim were in or affecting commerce.

28. Defendants' bad faith and perfunctory processing and denial of Tanglewood's claim based on Mr. Bateman's demand and its wrongful refusal to provide Tanglewood and Ms. Brandon a defense on Bateman's subsequent lawsuit were unfair, deceptive, unethical, unscrupulous, improper, intentional, malicious and unlawful in violation of N.C.G.S § 58-63-15(11) including but not limited to:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to the coverage at issue;

   b. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   c. Failing to provide a defense when Bateman initially a lawsuit against Tanglewood and its agent;

   d. Failing to pay a reasonable settlement demand from Mr. Bateman regarding the real estate transaction;

   e. Compelling Tanglewood and Brandon to institute litigation to pay the amount demanded or to have the Defendants provide a defense;

6

29. Tanglewood and Brandon have sustained actual damages as a direct and proximate result of Defendants unfair or deceptive trade practices. Tanglewood and Brandon are entitled to recover treble damages pursuant to N.C.G.S. § 75-16.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court afford the following relief:

A. That Plaintiffs have and recover from the Defendants for all its actual, consequential, compensatory, general, special or like damages to the greatest extent permitted by law;

B. That Plaintiffs have and recover from Defendants punitive damages, treble damages or other like exemplary damages, at Plaintiff's election, to the greatest extent permitted by law;

C. That Plaintiffs have and recover from the Defendant all costs, interest and attorneys' fees, to the greatest extent permitted by law;

D. That Plaintiffs have all other and further relief that Court may at its discretion determine is just and proper in order to remedy any wrong committed by the Defendants, including a declaration of rights under the E&O policy to the extent it is appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted on this the 4th day of January, 2021.

s/Joel M. Bondurant, Jr.<br>
Joel M. Bondurant, Jr., #29621<br>
Bondurant Litigation

15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
joel@bondurantlitigation.com

SERVE DEFENDANTS AT:

100 Constitution Plaza
8th Floor
Hartford CT 06103